SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant
BEVERAGES & MORE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HADYANTO SUTANDAR, on behalf of himself and all others similarly situated,

Plaintiff,,

v.

BEVERAGES & MORE, INC., t/a BEVMO,

Defendant.

Case No.

**DEFENDANT BEVERAGES & MORE, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO (1) 28 U.S.C. §1332 (CLASS ACTION FAIRNESS ACT); AND (2) 28 U.S.C. §§ 1331 (FEDERAL QUESTION)**

Los Angeles County Superior Court
Case No. BC625595

Action Filed: June 30, 2016
Trial Date: None Set

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, Defendant BEVERAGES & MORE, INC. ("Defendant") by and through its attorneys, hereby removes to the United States District Court for the Central District of California, the above-captioned matter of *Hadyanto Sutandar, on behalf of himself and all others similarly situated vs. Beverages & More, Inc.. t/a Bevmo.* which is currently pending in the Superior Court of the State of California for the County of Los Angeles, Case No. BC625595 (hereinafter the "State Court Action").[1] As set forth below, removal is proper under two separate and independent bases: (1) federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"); and (2) federal question jurisdiction.

## I. <u>BACKGROUND</u>

1. On June 30, 2016, plaintiff Hadyanto Sutandar ("Plaintiff"), individually and on behalf of similarly situated, filed the State Court Action against Defendant.

2. The Complaint asserts violations of the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("Unruh Act"), and the Disabled Persons Act ("DPA").

## II. <u>TIMELINESS OF REMOVAL</u>

3. On July 6, 2016, Plaintiff served Defendant with a copy of the Summons and Complaint. (Endom Decl. ¶ 2). Accordingly, this Notice of Removal is timely as it is being filed within thirty (30) days of Defendant receiving a copy of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(2)(A).

---

[1] Filed herewith as Exhibit A to this Notice of Removal are copies of all of the pleadings, processes and orders that have been served upon Defendant and filed in the State Court Action.

## III. REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

4. The CAFA amended the diversity jurisdiction statute, 28 U.S.C. section 1332, by adding provisions that give federal courts original jurisdiction in class actions where the following factors are met:

(a) the aggregate amount in controversy exceeds $5,000,000;

(b) any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

(c) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

(d) the number of members of the plaintiff class is 100 or more.

28 U.S.C. § 1332(d)(2) and (d)(5); *see also Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

### A. Minimal Diversity

5. In the instant case, the minimal diversity requirement of the CAFA is satisfied. As noted below, Defendant is a citizen of Delaware, the indispensable landlords are citizens of states other than California, Plaintiff is a citizen of California, and at least some of the purported class members are citizens of California. (Complaint ¶¶ 10, 22; Endom Decl. ¶ 2). Accordingly, the minimal diversity requirement of the CAFA is satisfied. *See* 28 U.S.C. §§ 1332(d)(2)(A) and (B).

6. Pursuant to 28 U.S.C. section 1332, "a corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). A corporation's "'principal place of business'

refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally where the corporation maintains its headquarters. *Id.* At all times relevant to the Complaint in the State Court Action, Defendant is and has been incorporated under the laws of the State of Delaware. (Endom Decl. ¶ 2; Complaint ¶ 14). Defendant's corporate headquarters and principal place of business, where the majority of executive and administrative functions are performed, where its corporate offices and executives are located, and where its high level officers direct, control, and coordinate the company's activities, is in California. (Complaint ¶ 15; Endom Decl. ¶ 2). Accordingly, Defendant is a citizen of Delaware and California for purposes of diversity jurisdiction. (Id.; *see* 28 U.S.C. § 1332(c)).

7. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff is a California citizen and is domiciled in Artesia, California. (Complaint ¶ 10). Accordingly, for the purposes of removal, Plaintiff is a citizen of the State of California.

8. In addition, as alleged in the Complaint, the putative class members are disabled individuals who have patronized Defendant's stores in California. (Complaint ¶ 22). Thus, the putative class members are citizens of California.

9. It is well established that unnamed indispensable parties should be taken into account in determining whether diversity jurisdiction exists. *See, e.g., Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir. 1994) ("It is undisputed that the partnership itself was never named as a party in this case, either in state or federal court. That does not control our jurisdictional inquiry, however. The inquiry into

the existence of complete diversity requires considering the citizenship even of absent indispensable parties"); *Picciotto v. Continental Casualty Company*, 512 F.3d 9, 12 (5th Cir. 2008) ("Where jurisdiction depends solely on diversity of citizenship, the absence of a nondiverse, indispensable party is not a mere procedural defect. Rather, it destroys the district court's original subject matter jurisdiction"); 13E Fed. Prac. & Proc. Juris. Section 3606 (3rd Ed.) ("In analyzing whether complete diversity exists, the court may not disregard the citizenship of absent parties who traditionally would be characterized as 'indispensable' parties and are now described in Rule 19(b) as persons who are required to be joined under Federal Rule 19(a)…").

10. Here, Plaintiff has alleged that Defendant's stores in California are not accessible. (Complaint ¶ 32). In particular, Plaintiff claims that Defendant's stores contain architectural barriers in the restrooms and adjacent parking lots. (Complaint ¶ 34). However, Defendant does not own, lease, operate, or otherwise control many of the parking lots and thus has no responsibility for those alleged parking lot barriers. (Endom Decl. ¶ 3). Rather, the respective landlords are indispensable parties who are responsible for the alleged barriers in those parking lots. (Id.); *see, e.g., Kohler v. Bed Bath & Beyond of California, LLC*, 2012 WL 3018320, *3 (C.D. Cal. 2012) ("Landlord is the party responsible for ADA compliance of the parking lot"), affirmed by *Kohler v. Bed Bath & Beyond of California, LLC*, 2015 WL 1295929, *5 (9th Cir. 2015) ("We hold that neither the ADA, nor our decision in *Botozan*, imposes upon tenants liability for ADA violations that occur in those areas exclusively under the control of the landlord").

11. At least two of the landlords of the locations allegedly containing parking lot barriers – for which Defendant has no responsibility -- are not citizens of California for diversity purposes. For example, Weingarten Nostat, Inc. owns the property and adjacent parking lot for the BevMo! store located at 212 N. El Camino Real, Encinitas, CA at issue in this lawsuit. (Endom Decl. ¶ 4; Complaint ¶ 32).

Weingarten Nostat, Inc. is incorporated under the laws of the State of Texas and has its headquarters and principal place of business – where the majority of executive and administrative functions are performed, where its corporate offices and executives are located, and where its high level officers direct, control, and coordinate the company's activities – in Texas. (Endom Decl. ¶ 4). Thus, Weingarten Nostat, Inc. is a citizen of Texas. Likewise, Office Depot, Inc. owns the property and adjacent parking lot for the BevMo! store located at 5634 Sepulveda Blvd., Culver City, CA at issue in this lawsuit. (Endom Decl. ¶ 5; Complaint ¶ 32). Office Depot, Inc. is incorporated under the laws of the State of Delaware and has its headquarters and principal place of business – where the majority of executive and administrative functions are performed, where its corporate offices and executives are located, and where its high level officers direct, control, and coordinate the company's activities – in Florida. (Endom Decl. ¶ 5). Thus, Office Depot, Inc. is a citizen of both Delaware and Florida. Accordingly, at least one member of the Plaintiff class is a citizen of a State different from any defendant and thus CAFA diversity is satisfied.

**B. <u>Class Size</u>**

11. With respect to the CAFA requirement of numerosity, the scope of the class, as identified in the Complaint, is all "mobility impaired/wheelchair-bound" persons in California who have patronized Defendant's locations in California. (Complaint ¶ 22). Plaintiff alleges that the "Class is believed to consist of **thousands of members**" and that "there are over 150,000 non-institutionalized people sixteen years of age or older in California who use wheelchairs." (Complaint ¶ 23). As also alleged by Plaintiff, Defendant "operates approximately 148 stores throughout Arizona, California and Washington state" and at least 25 of the many more stores located in California have been investigated and found to be noncompliant. (Complaint ¶¶ 15, 32). Therefore, the putative class is in excess of 100.

**C. <u>Amount In Controversy</u>**

12. The CAFA authorizes the removal of class actions in which, among the other factors mentioned above, *the aggregate amount in controversy* for all class members exceeds $5 million dollars. *See* 28 U.S.C. § 1332(d)(6).

13. Importantly, "[s]ection 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'" *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Thus, the amount in controversy not only includes "compensatory damages," but also includes statutory penalties, injunctive relief, attorneys' fees, and other various forms of relief. *Id.*

14. Where a plaintiff does not specify a particular amount of damages in the Complaint, a removing defendant has the burden to show that the amount placed in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, Defendant needs to only show that there is "a reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). Indeed, Defendant need not provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $5 million; rather, removal is proper as long as "a recovery exceeding $5 million for the class as a whole is not 'legally impossible.'" *Brill, supra* at 448-49.

15. Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. For this purpose, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196,

1198 (N.D. Cal. 1998). In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

16. In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the Complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003).

17. Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional requirement. Defendant makes no admission of any liability or damages with respect to any aspect of this case.

18. The Complaint alleges violations of the Unruh Act. (Complaint ¶¶ 39-49). Plaintiff contends that Defendant "violated the Unruh Act by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant." (Complaint ¶ 43). For ***each offense*** under the Unruh Act, disabled individuals, such as Plaintiff and the putative class, can recover "actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a). Using the $4,000 statutory minimum, the $5 million threshold is easily met. For example, assuming, conservatively, that the "thousands" in the putative class means only two thousand

class members and only one visit per member, then the amount in controversy for the penalty portion of this cause of action could be $8,000,000 ($4,000 in damages multiplied by 2,000 visits).

19. Plaintiff also seeks to recover his attorneys' fees. (Complaint, Prayer). Attorneys' fees are properly considered in the analysis of the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007). Courts use a benchmark rate of 25% of the potential damages as the amount of attorneys' fees. *See, e.g., Molnar v. 1-800-Flowers.com, Inc.*, 2009 U.S. Dist. LEXIS 131768 at *15 (C.D. Cal. 2009) (holding that a "fair estimate of attorneys' fees in this action is 25% of compensatory damages"); *see also Tompkins v. Basic Research LLC*, 2008 U.S. Dist. LEXIS 81411 at *12 (E.D. Cal. 2008) (stating that when calculating attorneys' fees for remand purposes, a reasonable estimate is 25% of the common fund). Here, 25% of the total amount of the Unruh Act claim damages alone is approximately $2,000,000 (25% of $8,000,000).

20. In addition, Plaintiff wants the Court to order Defendant to fix all of the alleged violations at its stores.

21. Thus, a conservative showing of the amount placed in controversy by the Complaint is in excess of $5 million. Taking just the minimum statutory damages under the Unruh Act claim and reasonable attorneys' fees alone, it is clear that there is "a reasonable probability that the stakes exceed" $5,000,000. Therefore, the preponderance of the evidence is that the amount sought is substantially greater than the jurisdictional amount of $5 million required by the CAFA, and the amount in controversy requirement is met based on Plaintiff's pleaded facts and claims. Accordingly, removal is proper under 28 U.S.C. § 1332(d).

## IV. REMOVAL JURISDICTION BASED ON FEDERAL QUESTION

22. This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1331 because the Complaint poses a federal question. Regardless of whether a Complaint pleads only state causes of action, a claim can invoke federal question jurisdiction if it raises a federal issue of law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005). The U.S. Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

23. The Complaint alleges numerous violations of the ADA, 42 U.S.C. section 12181, *et seq*. (Complaint ¶¶ 6, 8, 24, 25, 32, 34-37, 42, 43, 46, and 57). In fact, the Complaint's cites to alleged violations of the ADA over **120 times**. Based on Plaintiff's own allegations, an examination of liability under the ADA is necessary to adjudicate his claims. Therefore, his lawsuit raises a question of federal law, rendering removal proper.

## V. VENUE

24. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446(b) and 84(a), because the county in which the State Court Action is pending is found within this District.

## VI. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES

25. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record: Evan J. Smith of Brodsky & Smith, LLC, 9595 Wilshire Boulevard, Suite 900, Beverly Hills,

California 90212. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles.

26. The undersigned counsel for Defendant had read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by U.S.C. ¶ 1446(a).

**WHEREFORE**, Defendant requests that the State Court Action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: August 4, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Gregory F. Hurley

GREGORY F. HURLEY
MICHAEL J. CHILLEEN
Attorneys for Defendant,
Beverages & More, Inc.